

FILED

06/29/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0291

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0291

DANIEL R. WOOD,

Petitioner,

v.

CAPTAIN ANDERSON,

Respondent.

FILED

JUN 29 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Daniel R. Wood is detained in the Gallatin County Detention Center and has filed a Petition for Writ of Habeas Corpus, alleging the Department of Corrections (DOC) violated his right of Due Process under both the United States and Montana Constitutions when the DOC revoked his conditional release at a February 24, 2021 disciplinary hearing. Woods requests that the DOC's decision of revocation be vacated.

Wood explains that he has two criminal convictions from two separate District Courts and that he was granted conditional release in July 2019. On February 19, 2021, he was arrested in Bozeman for a municipal warrant and for alleged new felony violations, prompting a DOC disciplinary hearing. The hearing occurred on February 24, 2021, and the hearing officer revoked Wood's conditional release.

We secured copies of Wood's written judgments. In 2018, Wood received a five-year commitment to the DOC for felony criminal possession of dangerous drugs with intent to distribute in the Lewis and Clark County District Court as well as a five-year DOC commitment for felony criminal possession of dangerous drugs in the Yellowstone County District Court. The sentences run concurrently.

Montana's statutes differentiate probation and parole. Probation "means the release by the court without imprisonment, except as otherwise provided by law, of a defendant found guilty of a crime upon verdict or plea, subject to conditions imposed by the court and subject to the supervision of the department upon direction of the court."

Section 46-23-1001(7), MCA. Parole refers to when the Board of Pardons and Parole (Board) releases an inmate, subject to conditions. Parole is "the release to the community of a prisoner by the decision of the board prior to the expiration of the prisoner's term, subject to conditions imposed by the board and subject to supervision of the department." Section 46-23-1001(6), MCA. While both probationers and parolees are subject to the DOC's supervision, a decision for parole rests with the Board. Wood attached a copy of the July 19, 2019 Conditions of Probation/Parole. While titled as both, these were conditions of probation. Wood has not demonstrated that he was released on parole. Wood was on conditional release during his probationary period. The parole statutes do not apply.

His references to *Morrissey v. Brewer* about the standards for parole revocation thus do not apply here, either. 408 U.S. 471, 92 S. Ct. 2593 (1972). Wood was released upon conditions found in Montana statutes and reiterated in his written judgments and the DOC's July 19, 2019 Conditions. "A sentence, or condition included in that sentence, is a *limitation on liberty*." *McDermott v. McDonald*, 2001 MT 89, ¶ 17, 305 Mont. 166, 24 P.3d 200 (emphasis in original). As a probationer, Wood has no liberty interest in probation, and he has no right to conditional release. In Montana, the only inmates who have a liberty interest in parole are those who committed offenses before 1989. *McDermott*, ¶ 8. As Wood provides, he committed his offenses in 2017.

Wood's attachments provide the process that Wood was due. "There is no absolute standard for what constitutes due process." *McDermott*, ¶ 10. Due process is flexible and depends upon the circumstances presented. *McDermott*, ¶ 10. Wood received notice of his conditions for release on July 19, 2019. He agreed to abide by them, specifically condition #6 for laws and conduct. He failed to abide by these conditions, and he was arrested. On February 22, 2021, he received a copy of Notice of Disciplinary Hearing and Rights, which included a Statement of Charges alleging three violations—use and possession of methamphetamine and a new felony crime of possession of dangerous drugs. He had a hearing, at which his conditional release was revoked. Wood appealed the hearing officer's decision to revoke his conditional release. He received a copy of a

2

March 15, 2021 letter denying his appeal because "[t]he Montana Interventions and Incentives Grid for charge for a new crime (felony) is a Level 3 response. Revocation is a Level 3 response." *See* §§ 46-23-1015, and 46-23-1028(1)(e), MCA. This letter also referenced Wood's earlier successes, which the March 15 letter indicated will be considered upon disposition of his pending felony charge. Wood has had notice of all proceedings concerning his conditional release along with the opportunity to comment. We conclude that his due process rights were not violated.

Wood has not demonstrated illegal incarceration or entitlement to reversal of the DOC's decision to revoke his conditional release. He is not entitled to habeas corpus relief. Section 46-22-101(1), MCA.

IT IS THEREFORE ORDERED that Wood's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Daniel R. Wood personally.

DATED this 29 day of June, 2021.

Justices

3